# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0717-25

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

V.A.C.,[1]

    Defendant-Respondent.

_____

        Argued April 20, 2026 – Decided June 23, 2026

        Before Judges Sabatino, Natali and Walcott-Henderson.

        On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 25-04-0669.

        Jason Magid, Assistant Prosecutor, argued the cause for appellant (Grace MacAulay, Camden County Prosecutor, attorney; Jason Magid, of counsel and on the briefs).

---

[1] We utilize initials when referring to defendant, the witness, the victim, and a family member, to protect the confidentiality and identity of the child victims, pursuant to N.J.S.A. 2A:82-46(a) and Rule 1:38-3(c)(9).

Colin Sheehan, Assistant Deputy Public Defender, argued the cause for respondent (Jennifer N. Sellitti, Public Defender, attorney; Colin Sheehan, of counsel and on the brief).

PER CURIAM

On February 9, 2023, V.C., then fourteen-years old, disclosed to her teacher, P.F., that the defendant, her grandfather, had been inappropriately touching her for two to three years, with the most recent incident occurring one to two months earlier. She also told P.F. that she disclosed the abuse to her aunt, who failed to take any action in response. P.F. stated V.C. was frightened to tell anyone else about the abuse for fear of upsetting her father. After V.C.'s disclosure, and pursuant to the mandatory reporting requirements under N.J.S.A. 9:6-8.10 and N.J.S.A. 18A:36-25, P.F. notified the Division of Child Protection and Permanency (Division), which led to police involvement later that same day, during which V.C. largely repeated her allegations.[2] Based on V.C.'s statements and the subsequent investigation, defendant was charged with multiple counts

---

[2] We note that the record before us is fairly scant, and there exists a lack of clarity as to precisely when V.C. spoke to the police. For purposes of our decision, we accept the court's finding upon which it based its ruling that the disclosure occurred the same day as her statement to P.F.

of sexual assault, aggravated sexual contact, criminal sexual contact, and endangering the welfare of a child.[3]

Before trial, the State filed an application seeking to admit P.F.'s testimony as fresh complaint evidence. It maintained that V.C.'s statement met the doctrine's essential elements, specifically, that the disclosure was made to a natural confidante, was voluntary, spontaneous, and served the doctrine's purpose of negating any inference that V.C.'s prior silence indicated fabrication. Defendant opposed the motion and contended that P.F.'s testimony constituted inadmissible hearsay and did not satisfy the fresh complaint rule because, among other bases, V.C.'s disclosure to P.F. occurred only hours before V.C. reported the abuse to police, thus failing to dispel any inference of silence or fabrication.[4]

---

[3] During the investigation, which included statements from V.C. and her sister, M.C., allegations of sexual abuse against M.C. came to light which led to additional charges against defendant as listed in the indictment.

[4] At the motion hearing, defendant also contended V.C.'s statement to P.F. was "coerced and therefore inadmissible under the fresh complaint rule." Before us, he claims he was "denied the opportunity to cross-examine P.F. regarding the issue," but concedes that argument is not "relevant to the issue raised in the State's appeal." Defendant, instead, "preserve[s] [the] argument for a future appeal if necessary." As defendant has not reprised that argument before us, nor any contention that the court should have conducted a N.J.R.E. 104 hearing, we do not address those unbriefed arguments and limit our decision to the sole issue raised.

We granted State's motion for leave and also stayed the trial proceedings. Having reviewed the record, the parties' arguments, and the applicable law, we agree with the State and accordingly reverse.

I.

We recount the salient facts adduced at the motion hearing and in the limited record before us. On February 9, 2023, the victim, V.C., then a fourteen-year-old high school freshman, approached her teacher, P.F., during a study hall in the school library. During their conversation, V.C. disclosed to P.F. that defendant, with whom V.C. resided, "touches her" in an inappropriate manner. V.C. also disclosed that the touching "had been happening for two to three years" and that the last incident "had occurred about a month or two before." V.C. further stated that she had previously disclosed the alleged touching to her aunt. P.F. noticed that V.C. was growing upset during the discussion and suggested she speak with the school's psychologist.

Later that day, pursuant to her mandatory statutory reporting obligations, P.F. notified the Division, who, in turn, involved the police, and an investigation ensued in which P.F. was interviewed by a detective from the Gloucester Township Police Department. Law enforcement also interviewed V.C., and she stated to the investigating officers that the last incident of alleged touching by

4

the defendant did not happen months earlier, but rather "occurred on the same day as her disclosure to . . . [P.F.]."

After considering the parties' submissions and oral arguments, the court denied the State's motion and explained its decision in a contemporaneous oral decision. The court determined that notwithstanding P.F.'s status as a natural confidante, and that V.C.'s disclosure was voluntary and spontaneous, the timing of V.C.'s statements rendered the testimony inadmissible under the fresh complaint doctrine. Specifically, the court determined that because V.C.'s disclosure to P.F. and her subsequent statement to law enforcement occurred on the same day, P.F.'s testimony would not further the doctrine's limited purpose of negating any inference of silence, and thus, P.F.'s prospective testimony constituted "run of the mill hearsay."

The court further found any testimony from P.F. would not assist the jury because the fresh complaint doctrine required V.C.'s statement to P.F. to be "fresher than the complaint to law enforcement." The court noted, however, that if the State sought to introduce evidence of an earlier disclosure to another individual, it would consider such proofs as potentially admissible fresh complaint evidence.

5

As noted, we granted the State's motion for leave to appeal. Before us, it renews its argument that the court's ruling imposed an unduly restrictive and unsupported "same-day" rule that would effectually bar fresh complaint evidence in cases where mandatory reporting follows a disclosure, such as here, in a school setting which would undermine the doctrine's purpose and unduly prejudice prosecutions involving underage sexual assault victims.

## II.

Before addressing the parties' contentions, we first address the well-known standard of review regarding the admission of fresh complaint evidence, followed by the applicable legal principles. "The determination [of] whether the fresh complaint rule's conditions of admissibility have been satisfied is committed to the discretion of the trial court." State v. C.W.H., 465 N.J. Super. 574, 600 (App. Div. 2021) (quoting State v. L.P., 352 N.J. Super. 369, 380-81 (App. Div. 2002)). "An abuse of discretion may be found if the trial court made a 'clear error of judgment.'" Ibid. (quoting State v. Brown, 170 N.J. 138, 147 (2001)). A trial court's application of "the proper legal standing in evaluating the admissibility of evidence," however, is reviewed de novo. State v. Trinidad, 241 N.J. 425, 448 (2020).

6

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." State v. Medina, 242 N.J. 397, 421-22 (2020) (emphasis omitted) (quoting N.J.R.E. 801(c)). "Hearsay is generally inadmissible 'except as provided by [the Rules of Evidence] or by other law.'" State v. Prall, 231 N.J. 567, 585 (2018) (alteration in original) (quoting N.J.R.E. 802). "Ordinarily, a third party's testimony about a victim's out-of-court description of an alleged sexual assault is inadmissible hearsay evidence." C.W.H., 465 N.J. Super. at 599 (citations omitted). "However, the fresh-complaint doctrine is a common law exception to this rule that 'allows witnesses in a criminal trial to testify to a victim's complaint of sexual assault.'" Ibid. (quoting State v. Hill, 121 N.J. 150, 151 (1990)).

For the fresh-complaint doctrine to apply, the proponent of the evidence must establish:  (1) the victim of the sexual assault disclosed the crime to a natural confidante, whom the victim would ordinarily turn to for support; (2) the disclosure was spontaneous and voluntary; and (3) the disclosure was made within a reasonable time after the alleged assault.  State v. R.K., 220 N.J. 444, 455 (2015).  While not in dispute here, "[t]he spontaneity prong merely requires that the complaint not be the result of coercive interrogation."  State v. W.B.,

A-0717-25

205 N.J. 588, 617 (2011). Questioning, without more, will not "deprive[] an utterance of the spontaneity and voluntariness needed for it to be admissible under the fresh complaint rule." L.P., 352 N.J. Super. at 381. "In each case the trial court must examine the degree of coercion involved in the questioning of the child and determine whether the child's complaint was spontaneous or directly in response to the interrogation." Id. at 382 (quoting State v. Bethune, 121 N.J. 137, 143 (1990)).

Our Court has also stated:

> Among the factors the court should consider in arriving at its determination are the age of the child, the child's relationship with the interviewer, the circumstances under which the interrogation takes place, whether the child initiated the discussion, the type of questions asked, whether they were leading, and their specificity regarding the alleged abuser and the acts alleged.
>
> [Bethune, 121 N.J. at 145.]

The "reasonable time" requirement is applied "flexibly in cases involving children." W.B., 205 N.J. at 618. "Flexible application of the doctrine to children's complaints is recognized as a necessity since children are especially vulnerable to being cajoled or coerced by their abusers into remaining silent; they may be too frightened or embarrassed to reveal the abuse." State v. Pillar, 359 N.J. Super. 249, 282 (App. Div. 2003); see also L.P., 352 N.J. Super. at 384

8

(relying on the "continuing aura of intimidation" in determining that statements were made within a reasonable time).  "[A] substantial lapse of time between the assault and the complaint may be permissible if satisfactorily explainable by the age of the victim and the circumstances surrounding the making of the complaint."  Pillar, 359 N.J. Super. at 281-82.

The lapse between a juvenile victim's complaint and the last act must be adequately explained, W.B., 205 N.J. at 617 (recognizing that the two-year delay was justified because the victim was "scared" and in a state of "open rebellion" against her mother), and longer delays typically require a showing of threats or coercion, see e.g., State v. Hummel, 132 N.J. Super. 412, 423 (App. Div. 1975) (noting that the reason for the victim's delay was because her abuser threatened to put her away in a shelter if she spoke); L.P., 352 N.J. Super. at 382 (finding that the delayed complaint was justified because the victim "continued living with defendant . . . and defendant had warned [her] that he would kill her if she told anyone about the sexual abuse").

Once admitted "fresh complaint evidence serves a narrow purpose.  It allows the State to negate the inference that the victim was not sexually assaulted because of her [or his] silence."  Hill, 121 N.J. at 163.  "[T]he purpose of the rule is to prove only that the alleged victim complained, not to corroborate the

9

specifics of the victim's allegations." State v. P.H., 178 N.J. 378, 393 (2004) (quoting Bethune, 121 N.J. at 146). "A witness may testify only to the general nature of the complaint, and unnecessary details of what happened should not be repeated." W.B., 205 N.J. at 617. "Notably, such evidence is not admissible to prove any substantive element of the offense or to 'bolster the victim's credibility.'" C.W.H., 465 N.J. Super. at 599 (quoting Bethune, 121 N.J. at 148); but see Pillar, 359 N.J. Super. at 281 (citing Hill, 121 N.J. at 165) ("details of the complaint may be permitted to rehabilitate a witness after impeachment to show" consistency "with the witness's trial testimony"). As such, absent such impeachment, fresh complaint evidence is not offered "to prove the truth of the matter asserted in the statement." N.J.R.E. 801(a)(2). To this end, our Supreme Court has explained "courts should instruct the jury of the limited role that fresh complaint evidence should play in its consideration of the case." Bethune, 121 N.J. at 148.

### III.

As noted, the State urges us to reverse the trial court's order because the victim's disclosure to P.F. occurred before she was interviewed by law enforcement. It further maintains no principled reason, and certainly no precedent, supports the court's application of a rigid same-day disclosure rule.

A-0717-25

On this point, the State maintains that by excluding P.F.'s testimony because law enforcement became involved later that same day, the court stripped the fresh complaint doctrine of its function such that the jury will possibly be deprived of critical context necessary to evaluate the purpose of the evidence including negating any inference or suggestion of fabrication by V.C.

In response, defendant contends the court did not abuse its discretion in finding that V.C.'s disclosure was irrelevant because it "did not serve the narrow purpose of the fresh complaint rule."[5] He contends the court properly considered all relevant and appropriate factors, including V.C.'s relationship with P.F., the disclosure's substance, V.C.'s voluntariness, and the disclosure's timing relative to the alleged conduct and subsequent report to police. Defendant maintains the court's decision to preclude P.F.'s proposed testimony was within its discretion because any testimony would not satisfy the purpose of the fresh complaint doctrine.

_____

[5] Defendant relies on an unpublished case from our court in support of its argument that the court correctly precluded P.F.'s potential testimony as a result of V.C.'s contemporaneous reporting to the police. We are unpersuaded by that authority. First, under Rule 1:36-3, an unpublished opinion has no precedential value. Second, after having reviewed and considered the decision, we find it factually distinguishable in light of the extensive time gap between the alleged assault and subsequent disclosure in that case.

Applying these principles, we are convinced the court erred in excluding P.F.'s proposed testimony as fresh complaint evidence. As noted, the court determined that V.C., then a fourteen-year-old student, spontaneously and voluntarily disclosed to her teacher that her grandfather had been sexually abusing her for two to three years. That disclosure occurred during a conversation in a school setting, in which the court found P.F. was clearly a confidante to whom V.C. regularly turned for support and advice. These findings, on the current record, warranted admission of the fresh complaint statements made by V.C. to P.F., as they are consistent with our Supreme Court's holdings in Hill, 121 N.J. at 163, and Bethune, 121 N.J. at 146.

The fact that V.C. spoke with law enforcement later the same day, after P.F. reported the statement as required by N.J.S.A. 9:6-8.10 and N.J.S.A. 18A:36-25, does not support a different outcome. The court's ostensible rigid same-day rule is unsupported by our case law, and we note numerous courts have admitted fresh complaint testimony even in circumstances where the time between the victim's disclosure and the report to authorities was brief or occurred the same day. See R.K., 220 N.J. at 449-50 (2015) (the victim's disclosure to a family member was followed by statements to police the next day); Pillar, 359 N.J. Super. at 260-61 (the victim's disclosure was followed by

A-0717-25

statements to police within a week); <u>W.B.</u>, 205 N.J. at 597-98 (the victim's disclosure was followed by statements to police within two weeks).

In our view, the court's holding would improperly and unnecessarily preclude the fresh complaint testimony in cases under mandatory reporting requirements, such as teachers and health care professionals, involving child victims, resulting in police involvement. Further, such an interpretation of the fresh complaint doctrine would potentially limit the purpose of the doctrine, which serves to rebut any inference that a victim's silence supports a claim of fabrication, and deprive fact-finders of necessary context regarding the victim's disclosure. That evidentiary impact regarding V.C.'s statement to her teacher, a natural confidante, should not be minimized nor negated merely because the teacher later made a required disclosure to the police and V.C., understandably, made further disclosures to authorities.

We further note the record also reflects that V.C. previously disclosed the abuse to her aunt, who did not act on the information. That fact provides further support as to the relevance of V.C.'s disclosure to the teacher, because it demonstrates that V.C. sought out more than one confidante before the matter reached law enforcement.

One final, but significant point. As discussed, the State only challenged whether or not the court correctly precluded P.F.'s proposed fresh complaint testimony based on V.C.'s near contemporaneous reporting to the police. We expressly note that our decision is accordingly limited to that issue only and based on the record before us. We do not address nor should our opinion be interpreted as a prediction of our views with respect to any future application by defendant.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

A-0717-25